UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAN-GULF SHIPPING, INC.
ET AL.                                              CIVIL ACTION

VERSUS                                              NO: 23-5062

DEEPAK N. JAGTIANI ET AL.                           SECTION: "H"

## ORDER AND REASONS

Before the Court is Defendant Lata Jagtiani's Motion to Refer Case to Bankruptcy Judge (Doc. 11).[1] For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

On November 8, 2019, Plaintiffs Dan-Gulf Shipping, Inc.; Caytrans BBC, LLC; and Caytrans Project Services, Ltd. filed this action in state court, asserting various fraud, conversion, conspiracy, Louisiana Racketeering Act, and unjust enrichment claims against Defendants Deepak Jagtiani and Lata Jagtiani ("the Jagtianis"). Plaintiffs further asserted claims for breach of

---

[1] While Defendants refer to the instant Motion as one to transfer the case to a bankruptcy court, the Motion is in substance a motion to refer. This Court treats the instant Motion as a request to refer to a bankruptcy judge.

1

contract, breach of the duty of good faith and fair dealing, breach of the implied warranty of workmanlike service, and negligence against Defendant Paychex, Inc. Years later, on August 22, 2023, Defendant Lata Jagtiani filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code.

Defendants removed the case to this Court on the basis that it is "related to" a bankruptcy case, which is authorized under 28 U.S.C. §§ 1334(b) and 1452(a). Plaintiffs filed a motion to remand to state court or, in the alternative, motion for abstention, which Defendants oppose.[2] Thereafter, Defendant Lata Jagtiani filed the instant Motion to Refer Case to Bankruptcy Judge. Plaintiffs have not filed an opposition into the record.

## LEGAL STANDARD

28 U.S.C. § 1452 provides that a case may be removed to the federal district court where the state action is pending "if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."[3] Under § 1334, district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[4] Because "arising under," "arising in a case under," and "related to" conjunctively define the scope of jurisdiction, "it is necessary only to determine whether a matter is at least 'related to' the bankruptcy."[5] A proceeding is

---

[2] Doc. 8; Doc. 9. This Motion remains pending before the Court.
[3] 28 U.S.C. § 1452(a).
[4] *Id.* § 1334(b).
[5] *In re* Wood, 825 F.2d 90, 93 (5th Cir. 1987).

"related to" a bankruptcy case if it "could *conceivably* have any effect on the estate being administered in bankruptcy."[6]

Having established subject matter jurisdiction, "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judge for the district."[7] The Eastern District of Louisiana's General Order of Reference provides for automatic referral of proceedings to the same extent that jurisdiction is conferred—to cases under title 11 and proceedings arising under title 11 or arising in or related to a case under title 11 of the United States Code.[8]

## LAW AND ANALYSIS

Defendant-Debtor Lata Jagtiani asserts that this Court should refer this case to this district's bankruptcy judge because Plaintiffs' claims are "inextricably linked with issues regarding the Debtor's bankruptcy process, including the scope of the property that comprises the Debtor's bankruptcy estate and how that property will be divided among creditors."[9] In determining whether a district court had jurisdiction over proceedings "related to" a case under title 11, the Fifth Circuit has explained that "an action is 'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the

---

[6] *Id.* (citing Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)) (emphasis in original).
[7] 28 U.S.C. § 157(a).
[8] *Id.*; 28 U.S.C. § 1334(b); Gen. Order 21-5 (E.D. La. Apr. 22, 2021).
[9] Doc. 11-1 at 1.

3

administration of the bankrupt estate."[10] Nevertheless, "'related to' jurisdiction cannot be limitless."[11]

Among other relief, the complaint requests a judgment for approximately $7,000,000 in unauthorized salary and bonuses paid to Defendant Deepak Jagtiani from 2009 until February of 2019. During this period, Defendants were—and are currently—married.[12] Because Plaintiffs seek to recover certain wages paid to Defendant Deepak Jagtiani during existence of the community property regime, Plaintiffs seek to recover against the Jagtianis's community property, which is an asset of the debtor's estate.[13] Thus, the Court finds that the outcome of this case could have a conceivable effect on Lata Jagtiani's bankruptcy, which is sufficient to exercise this Court's jurisdiction. Because the Eastern District of Louisiana's General Order of Reference provides for automatic referral of proceedings to the same extent that § 1334 confers jurisdiction, this Court refers the instant case to the bankruptcy judge.

---

[10] *In re* TMT Procurement Corp., 764 F.3d 512, 526 (5th Cir. 2014) (citing *In re* TXNB Internal Case, 483 F.3d 292, 298 (5th Cir, 2007)) (internal quotations omitted).
[11] Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995).
[12] Doc. 1-1 at 3. Defendants filed a joint petition to terminate their community property regime but not to divorce.
[13] 11 U.S.C. § 541(a)(2); *In re* Henrick, 45 B.R. 976, 980 (M.D. La. 1985) ("Overgeneralizing one can say that property acquired during the existence of the community property regime is community property; debts arising for the common benefit during the existence of the regime are community debts."). State law governs whether an asset is classified as community property for bankruptcy purposes. *In re* Robertson, 203 F.3d 855, 859 (5th Cir. 2000). Plaintiffs later filed a joint petition to terminate the community property regime and establish a separate property regime on December 22, 2020.

## **CONCLUSION**

For the foregoing reasons, the Motion is **GRANTED**. **IT IS ORDERED** that this case is **REFERRED** to the Bankruptcy Judge for all purposes, including, but not limited to, disposition of the pending Motion to Remand to State Court (Doc. 8).

New Orleans, Louisiana this 30th day of November, 2023.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**